THE MARKET BANK, Respondent, v. RICHARD HARTSHORNE, Appellant.

When a bank passes a check or draft to the credit of a depositor, and permits him to draw for the proceeds, it acquires the usual rights of a holder for value.

APPEAL from a judgment for $1,288.85, recovered in the Supreme Court, against the defendant, and affirmed at General Term in the first judicial district.

The cause was tried at the New York Circuit, before Mr. Justice HOGEBOOM, and a verdict for the plaintiff was directed upon the following state of facts; the defendant insisting that the check, on which the suit was brought, was fraudulently obtained from him by Abbott & Minturn, the payees, and that the plaintiff received it from them in payment of an antecedent debt.

On the 17th of February, 1859, Abbott & Minturn, a firm of New York merchants, though in good credit, were upon the eve of bankruptcy. They had two bank accounts, one with the plaintiff, and the other with the Bank of Commerce. At the close of banking hours on that day, they had on deposit at the plaintiff's bank a balance in their favor of $650.60. They issued on the same day to other parties three checks on the Market Bank, one for $500, one for $618.97, and one for $725 ; being in excess of the amount they then had on deposit by $1,193.37.

These checks were not presented to the bank until ten o'clock in the morning of the 18th, when they were received through the clearing house. By the banking usage in the city of New York, the plaintiff had until three o'clock of that day to pay the checks or return them unpaid to the clearing house.

Meantime, at eleven o'clock on the morning of the 18th, Abbott & Minturn applied to the defendant to exchange checks with them for $1,200, pretending that they had that amount on deposit at the Bank of Commerce, and that they

desired to transfer it to the Market Bank. Accordingly he received their check for $1,200 on that bank, and gave his own on the Grocers' Bank in exchange, which they immediately deposited in the plaintiff's bank. The plaintiff passed it to the credit of Abbott & Minturn, and paid their checks received in the morning through the clearing house, thus leaving a balance in their favor of $6.63, at the close of banking hours on the 18th of February. Before the defendant's check was presented he was informed, by Abbott & Minturn, of their failure, and forbid its payment. There was no evidence tending to impeach the good faith of the plaintiff, or to show that the checks of Abbott & Minturn were paid before the deposit of the defendant's check.

*Charles N. Black*, for the appellant.

*Chester A. Arthur*, for the respondent.

PORTER, J. The check was received by the Market Bank in the usual course of business, before dishonor and without notice of fraud in its origin. On the faith of its validity, it was credited as cash in the account of Abbott & Minturn, the payees, and on the same day the bank honored their checks for the amount. The plaintiff's title is unimpeached, and the judgment should be affirmed.

All the judges concurring,

Judgment affirmed.